FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2018 JUN 11 PM 4:57

CLERK_____
SO. DIST. OF GA.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 4:17-cr-00105 |
| | ) | |
| DANIEL EDGAR JOHNSON | ) | CR 4:17-cr-00214 |

## PLEA AGREEMENT

Defendant Daniel Edgar Johnson, represented by his counsel Courtney Lerch, Esq., and the United States of America, represented by Assistant United States Attorney Matthew A. Josephson, Assistant United States Attorney Tara M. Lyons, and U.S. Department of Justice Trial Attorney Risa Berkower, have reached a plea agreement in this case. The terms and conditions of that agreement are as follows.

1. <u>Guilty Plea</u>

Defendant, having been indicted by a grand jury in this case, has chosen to enter a plea of guilty to Count One of the Indictment. Count One of the Indictment charges the defendant with maliciously conveying false information about explosive materials, in violation of 18 U.S.C. § 844(e).

Defendant, having also been advised of the right to be charged by Indictment, agrees to waive that right and enter a plea of guilty to Counts One, Two, Three, Four, Five, and Six of the Information.

Counts One, Three, and Five of the Information charge the defendant, a former State of Georgia corrections officer, with willfully depriving three female prison inmates of their right, under the U.S. Constitution and Federal law, to be free from

( CDJ

cruel and unusual punishment. These Counts further allege that the defendant was acting under color of law at the time of these offenses, in violation of 18 U.S.C. § 242.

Each of counts Two, Four, and Six of the Information charges the defendant with tampering with a witness, victim or informant, in violation of 18 U.S.C. § 1512(b)(3).

2.  Elements and Factual Basis

The elements necessary to prove a violation of 18 U.S.C. § 844(e), the offense charged in Count One of the Indictment, are: (1) that Defendant made any threat, or maliciously conveyed false information, knowing the same to be false, concerning an attempt or alleged attempt being made, or to be made, to kill, injure, or intimidate any individual or unlawfully to damage or destroy any building, vehicle, or other real or personal property, by means of fire or an explosive; (2) that the defendant used, or caused to be used, an instrument of commerce, such as a telephone, to communicate the information; and (3) that the defendant acted knowingly and willfully.

The elements necessary to prove a violation of 18 U.S.C. § 242, the offense charged in Counts One, Three, and Five of the Information, are: (1) that the defendant acted under color of law; (2) that the defendant deprived the victim of a right guaranteed by the U.S. Constitution or federal law; and (3) that the defendant acted willfully.

The elements necessary to prove a violation of 18 U.S.C. § 1512(b)(3), the offense charged in Counts Two, Four, and Six of the Information, are: (1) that the defendant knowingly intimidated, threatened, or corruptly persuaded another

2

*LDS*

person, or attempted to do so; (2) that the defendant intended to hinder, delay, or prevent the communication of information concerning the commission or possible commission of a federal offense; and (3) that there is a reasonable likelihood that, but-for the obstructive conduct, at least one material communication would have been made to a federal law enforcement officer.

Defendant agrees that he is, in fact, guilty of these offenses. He agrees to the accuracy of the following facts, which satisfy the required elements for each of these offenses:

<u>Count One of the Indictment</u>: On or about May 3, 2017, in Chatham County, within the Southern District of Georgia, the defendant, through the use of the telephone, maliciously conveyed false information knowing the same to be false, concerning an alleged attempt to damage or destroy any building, vehicle, or other real or personal property by means of fire or an explosive, in or affecting interstate or foreign commerce, in violation of Title 18, United States Code, Section 844(e).

<u>Count One of the Information</u>: On or about November 1, 2012, and continuing through on or about August 30, 2013, the defendant was working as a corrections officer at the Emanuel Women's Facility (EWF) in Swainsboro, Georgia, located within the Southern District of Georgia, where S.A. was a prison inmate. On more than one occasion during this time period, the defendant, while acting under color of law, penetrated S.A.'s vagina with his penis against S.A.'s will. This conduct deprived S.A. of her right under the Eighth Amendment of the U.S. Constitution to be free from cruel and unusual punishment, which includes the right of an inmate to be free

3

*EDS*

from an unwanted sexual assault. At all times relevant to this Count, the defendant acted willfully and under color of law.

Count Two of the Information: On or about November 1, 2012, and continuing through on or about August 30, 2013, in the Southern District of Georgia, the defendant knowingly used intimidation and corrupt persuasion to prevent S.A. from reporting the sexual assaults described in Count Two to law enforcement authorities. The defendant knew that these sexual assaults constituted a potential federal offense, and he acted knowingly and with the intent to prevent S.A. from talking about these assaults to law enforcement officers, including agents from the Federal Bureau of Investigation (FBI). If S.A. had reported the sexual assaults, it is reasonably likely that her report would have been conveyed to the FBI.

Count Three of the Information: On or about April 1, 2013, and continuing through on or about April 30, 2013, the defendant was working as a corrections officer at EWF in Swainsboro, Georgia, located within the Southern District of Georgia, where M.A. was a prison inmate. On more than one occasion during this time period, the defendant, while acting under color of law, penetrated M.A.'s vagina with his penis against M.A.'s will. This conduct deprived M.A. of her right under the Eighth Amendment of the U.S. Constitution to be free from cruel and unusual punishment, which includes the right of an inmate to be free from an unwanted sexual assault. At all times relevant to this Count, the defendant acted willfully and under color of law.

Count Four of the Information: On or about April 1, 2013 and continuing through on or about April 30, 2013, in the Southern District of Georgia, the defendant

knowingly used intimidation, threats, and corrupt persuasion to prevent M.A. from reporting the sexual assaults described in Count Four to law enforcement authorities. The defendant knew that these sexual assaults constituted a potential federal offense, and he acted knowingly and with the intent to prevent M.A. from talking about these assaults to law enforcement officers, including FBI agents. If M.A. had reported the sexual assaults, it is reasonably likely that her report would have been conveyed to the FBI.

Count Five of the Information: On or about April 1, 2013, and continuing through on or about September 30, 2013, the defendant was working as a corrections officer at EWF in Swainsboro, Georgia, located within the Southern District of Georgia, where M.P. was a prison inmate. On more than one occasion during this time period, the defendant, while acting under color of law, penetrated M.P.'s vagina with his penis against M.P.'s will. This conduct deprived M.P. of her right under the Eighth Amendment of the U.S. Constitution to be free from cruel and unusual punishment, which includes the right of an inmate to be free from an unwanted sexual assault. At all times relevant to this Count, the defendant acted willfully and under color of law.

Count Six of the Information: On or about April 1, 2013 and continuing through on or about September 30, 2013, in the Southern District of Georgia, the defendant knowingly used intimidation and corrupt persuasion to prevent M.P. from reporting the sexual assaults described in Count Six to law enforcement authorities. The defendant knew that these sexual assaults constituted a potential federal offense,

5



and he acted knowingly and with the intent to prevent M.P. from talking about these assaults to law enforcement officers, including FBI agents. If M.P. had reported the sexual assaults, it is reasonably likely that her report would have been conveyed to the FBI.

3. <u>Possible Sentence</u>

Defendant's guilty plea will subject him to the following maximum possible sentence:

For Count One of the Indictment: 10 years' imprisonment, 3 years' supervised release, a $250,000 fine, a $100 mandatory special assessment, and such restitution as may be ordered by the Court.

For Counts One, Three, and Five of the Information: 1 year imprisonment, 1 year supervised release, a $100,000 fine, a $25 mandatory special assessment, and such restitution as may be ordered by the Court.

For Counts Two, Four, and Six of the Information: 20 years imprisonment, 3 years supervised release, a $250,000 fine, a $100 mandatory special assessment, and such restitution as may be ordered by the Court.

Defendant reserves the right to argue at sentencing that the sentence imposed for the Counts charged in the Information (Counts One through Six) should run concurrent to the sentence imposed for Count One of the Indictment. The government agrees to take no position on whether these sentences should run concurrently or consecutively.

4. <u>No Promised Sentence</u>



No one has promised Defendant that the Court will impose any particular sentence or a sentence within any particular range. The Court is not bound by any estimate of sentence given or recommendations made by Defendant's counsel, the government, the U.S. Probation Office, or anyone else. The Court may impose a sentence up to the statutory maximum. Defendant will not be allowed to withdraw his plea of guilty if he receives a more severe sentence than he expects.

5. **Court's Use of Sentencing Guidelines**

The Court is obligated to use the United States Sentencing Guidelines to calculate the applicable advisory guideline range for Defendant's offense. The Sentencing Guidelines are advisory; the Court is not required to impose a sentence within the range those Guidelines suggest. The Court, in determining the Defendant's sentence, will consider that range; possible departures under the Sentencing Guidelines; and other sentencing factors under 18 U.S.C. § 3553(a). The Sentencing Guidelines are based on <u>all</u> of Defendant's relevant conduct, pursuant to U.S.S.G. § 1B1.3, not just the conduct underlying the particular Counts to which Defendant is pleading guilty.

6. **Agreements Regarding Sentencing Guidelines**

   a. **Use of Information**

Nothing in this agreement precludes the government from providing full and accurate information to the Court and U.S. Probation Office for use in calculating the applicable Sentencing Guidelines range.

   b. **Acceptance of Responsibility**

7



If Defendant continues to accept responsibility for his crimes up to and through sentencing, the government will not object to a recommendation by the U.S. Probation Office that Defendant receive a two-level reduction in offense level for acceptance of responsibility pursuant to Section 3E1.1(a) of the Sentencing Guidelines. If the U.S. Probation Office makes that recommendation, and Defendant's offense level is 16 or greater prior to any reduction for acceptance of responsibility, the government will move for an additional one-level reduction in offense level pursuant to Section 3E1.1(b) of the Sentencing Guidelines based on Defendant's timely notification of his intention to enter a guilty plea.

7. **Abandonment of Property**

Defendant waives and abandons his interest in any property that may have been seized in connection with this case, including but not limited to cellular telephones, personal computers, electronic tablets, and other seized electronic devices.

8. **Financial Obligations and Agreements**

   a. **Restitution**

The amount of restitution ordered by the Court shall include restitution for the full loss caused by Defendant's total criminal conduct. Restitution is not limited to the specific counts to which Defendant is pleading guilty.

   b. **Special Assessment**

Defendant agrees to pay a special assessment for each count to which Defendant pleads guilty, in the amounts listed in paragraph Three. The special

8

EDS

assessment is payable to the Clerk of the United States District Court, which shall be due immediately at the time of sentencing.

    c.    <u>Required Financial Disclosures</u>

By the date that Defendant enters a guilty plea, Defendant shall complete a financial disclosure form listing all his assets and financial interests, whether held directly or indirectly, solely or jointly, in his name or in the name of another. Defendant shall sign the financial disclosure form under penalty of perjury and provide that form to the Financial Litigation Unit of the United States Attorney's Office and to the United States Probation Office. Defendant authorizes the United States to obtain credit reports on Defendant and to share the contents of those reports with the Court and the United States Probation Office. Defendant also authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the United States Probation Office.

    d.    <u>Financial Examination</u>

Defendant will submit to an examination under oath on the issue of his financial disclosures and assets if deemed necessary by the United States. Such examination, if necessary, will occur not later than 30 days after the entry of Defendant's guilty plea.

    e.    <u>No Transfer of Assets</u>

Defendant certifies that he has made no transfer of assets in contemplations of this prosecution for the purpose of evading or defeating financial obligations

9



created by this Agreement or that may be imposed upon him by the Court at sentencing. Defendant promises that he will make no such transfers in the future.

    f.    <u>Material Change in Circumstances</u>

Defendant agrees to notify the United States of any material change in circumstances, as described in 18 U.S.C. § 3664(k), that occurs prior to sentencing in this case. Such notification will be made within seven days of the event giving rise to the changed circumstances, and in no event later than the date of sentencing.

    g.    <u>Enforcement</u>

Any payment schedule imposed by the Court is without prejudice to the United States to take all actions and remedies available to it to collect the full amount of the financial obligations imposed by the judgment of the Court in this case. Defendant understands and agrees that the financial obligations imposed by the judgment of the Court in this case will be placed on the Treasury Offset Program so that any federal payment that Defendant receives may be offset and applied to the judgment debt without regard to or affecting any payment schedule imposed by the Court.

9.    <u>Waivers</u>

    a.    <u>FOIA and Privacy Act Waiver</u>

Defendant waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any record pertaining to the investigation or prosecution of this case under the authority of the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, and all subsequent amendments thereto.



b.  **Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 Waiver**

Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence ordinarily limit the admissibility of statements made by a defendant during the course of plea discussions or plea proceedings. Defendant knowingly and voluntarily waives the protections of these rules. If Defendant fails to plead guilty, or his plea of guilty is later withdrawn, all of Defendant's statements in connection with this plea, including those contained within this plea agreement, and any leads derived therefrom, shall be admissible for any and all purposes.

10.  **Sex Offender Registration**

Defendant will be required, as a condition of his supervised release pursuant to 18 U.S.C. § 3583(d), to register as a sex offender upon his release from prison. Independent of supervised release, he will be subject to federal and state sex offender registration requirements. Those requirements may apply throughout his life.

11.  **Resolution of All Federal Charges**

Defendant understands, and the government agrees, that if Defendant successfully enters a guilty plea to Counts One of the Indictment and to Counts One through Six of the Information and is sentenced by the Court on those Counts, then the Defendant's plea will constitute full satisfaction of all federal criminal charges known to the United States Attorney or to the U.S. Department of Justice's Civil Rights Division at the time of Defendant's guilty plea, which might have been brought solely in this District against Defendant.

12.  **Related State Charges**

11



Defendant understands and has discussed with his attorney that the Emanuel County District Attorney's Office has stated its intent to dismiss all pending state charges against defendant if he successfully enters a plea to Counts One of the Indictment and to Counts One through Six of the Information and is sentenced on those Counts. At the same time, Defendant understands and has discussed with his attorney the fact that the United States has no authority of any kind concerning any pending state charges against Defendant. Defendant further understands and has discussed with his attorney that he does not have the right to withdraw his guilty plea based on any decision made by the Emanuel County District Attorney's Office concerning the pending state charges against him.

13. <u>Defendant's Rights</u>

Defendant has the right to be represented by counsel, and if necessary have the court appoint counsel, at trial and at every other critical stage of the proceeding. Defendant possesses a number of rights which he will waive by pleading guilty, including: the right to plead not guilty, or having already so pleaded, to persist in that plea; the right to a jury trial; and the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

14. <u>Satisfaction with Counsel</u>

Defendant has had the benefit of legal counsel in negotiating this agreement. Defendant believes that his attorney has represented him faithfully, skillfully, and

12



diligently, and he is completely satisfied with the legal advice given and the work performed by his attorney.

15.   **Breach of Plea Agreement**

If Defendant fails to plead guilty, withdraws or attempts to withdraw his guilty plea, commits any new criminal conduct following the execution of this agreement, or otherwise breaches this agreement, the government is released from all of its agreements regarding Defendant's sentence, including any preliminary estimates made regarding the calculation of Defendant's advisory Sentencing Guidelines. In addition, the government may declare the plea agreement null and void, reinstate any counts that may have been dismissed pursuant to the plea agreement, and/or file new charges against Defendant that might otherwise be barred by this plea agreement. Defendant waives any statute-of-limitations or speedy trial defense to prosecutions reinstated or commenced under this paragraph.



16. <u>Entire Agreement</u>

This agreement contains the entire agreement between the government and Defendant.

JAMES D. DURHAM
ACTING UNITED STATES ATTORNEY

*[signature]*

9/15/17
Date

Brian T. Rafferty
Chief, Criminal Division

8/15/2017
Date

*Matthew Josephson*

Matthew A. Josephson
Georgia Bar No. 367216
Assistant United States Attorney     w/ permission MAJ

8/15/2017
Date

*Tara M. Lyons*

Tara M. Lyons
South Carolina Bar No. 16573
Assistant United States Attorney     w/ permission MAJ

8/15/2017
Date

*Risa Berkower*

Risa Berkower
New York Bar No. 4536538
Trial Attorney
U.S. Department of Justice
Civil Rights Division

I have read and carefully reviewed this agreement with my attorney. I understand each provision of this agreement, and I voluntarily agree to it. I hereby stipulate that the factual basis set out therein is true and accurate in every respect.

8-10-17
Date

Daniel Edgar Johnson, Defendant

I have fully explained to Defendant all of his rights, and I have carefully reviewed each and every part of this agreement with him. I believe that he fully and completely understands it, and that his decision to enter into this agreement is an informed, intelligent, and voluntary one.

8/10/17
Date

Courtney Lerch, Defendant's Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | CR 4:17-cr-00105 |
| ) | |
| DANIEL EDGAR JOHNSON ) | |

### ORDER

The aforesaid Plea Agreement, having been considered by the Court in conjunction with the interrogation by the Court of the defendant and the defendant's attorney at a hearing on the defendant's motion to change his plea and the Court finding that the plea of guilty is made freely, voluntarily and knowingly, it is thereupon,

ORDERED that the plea of guilty by defendant be, and it is, hereby accepted and the foregoing Plea Agreement be, and it is, hereby ratified and confirmed.

This 11th day of JUNE ~~2017~~ 2018

_____
HON. WILLIAM T. MOORE, JR., JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA